Good morning, Your Honor. This may be used to warn you that you have on behalf of Cordis Corporation and I hope that you will observe four minutes from now. Under this Court's precedent in quarter, the Court should focus on the green substance of plaintiffs' composing, both in word and in legal offense. Here, the plaintiff's office consolidated claims to well over 100 plaintiffs. For one judge, in the motion papers, they state that the purpose of consolidation is, quote, to avoid the substantial danger of inconsistent adjudications, which they define, again, in their own words, as, quote, different results, which is time for a different judge in jury. Well, Your Honor, this is a weird area of the law because we have done the first kind of statistics, other statutes almost. So let's focus on the language that I think is more pertinent to the language you just quoted. They say we want consolidation for purposes, values, and then what follows after that is not at all consistent with the position they want us to take because they say for purposes of pretrial discovery pursuant to integration of a bellwether trial process. You've heard a lot of cases such as this requested when the bellwether trial process by itself doesn't negotiate something more. And I don't see there's something more here. I see them saying we just want consolidation for pretrial purposes of pretrial discovery. So I don't see what you have to say in response to that because I know you're right. They go on to add some more language to explain what they meant by the, we want consolidation for purposes, but why would that be the controlling language you're looking for? Mr. Judge, why would they? In terms of the thing that you just raised, they say, quote, consolidation for purposes of pretrial proceedings and discovery and the implementation of a bellwether trial process will avoid the risk of inconsistent adjudications. When they define what they mean by inconsistent adjudications, they define that as general reforms because it's driving for a different judge or jury. Yeah, but there are a bunch of scenarios in which you can imagine that different trial rulings, not stuff that happens at trial, but different trial rulings by different judges would have a dramatic impact on the outcome. And I think that's exactly what they were trying to do. So they used the word trial in their own language. And I think if you look at all sorts of words, inconsistent adjudication and adjudication. Yeah, but elsewhere they say inconsistent, or inconsistent for conflicting substantive and perceivable determinations. And we have a case where he said rulings, and he said, no, rulings are not judgments. I mean, that's why I say this is kind of silly that we're actually parsing the choice of adjudications versus determinations versus rulings versus judgments as though that had something to do with it. Yeah, but that's going to control the outcome here. But that is sort of what we're supposed to do. And why would we interpret adjudications in a way that you're asking us to when there's all the other language of the archipelagosal concept in the opposite direction? No, no, no, we just want consolidation for pretrial proceedings. So we sort of approach the first law in language of inconsistent adjudications. As I mentioned, they define it themselves. There's no other definition of that in their papers other than what they provide. And as the court reports it, what we hold plaintiffs responsible for what they have said and what they've done. And, well. Well, but there they said, through trial, or some language to that effect, they can say it for pretrial purposes. And that's why they said you don't have to say, use the magic words, joint trial. But they held on to what they said. And here they said pretrial proceedings. Your Honor, is that it? Just in a leap from when you get to bellwether trial, you're at a trial whether you hold a bellwether trial or any other sort of trial? Oh, no, there's a very big difference. A bellwether trial has a specific meaning. I mean, we've all had bellwether trials. They are for purposes, sort of educational purposes. They are to usually pick the case that has the most fulsome set of issues. And it's to allow the parties to look at the results of that, see what a jury might do with that, and then assist them in settling cases later on. And so a bellwether trial, I think that's even the Black's Dictionary definition of a bellwether trial. And I think that's why our case law says a bellwether trial is not enough to say that a plaintiff is asked for joint trials. Well, I think you're referring to the same. And, again, the break court is a bellwether trial without war. And, of course, you can't do that in the context of the entirety of breaks. And if you look at what the courts did there, the court did not explain in breaks what it meant by war. What it did was cite to certain cases in which you appeared to provide the war that the court was looking for. And there's a set of certain cases in the background that have it in war. And if you look at those cases, they're much more sort of what happened here in this case than what happened in breaks, where you have the first one, just this bellwether issue. That wasn't even the plaintiff that was proposing the jointness there. It was a different plaintiff that just earlier mentioned in case manager's statement, the utility of bellwethers. It wasn't a proposal for bellwether trials. I think that here with at least five times in the motion papers, the plaintiffs have tied the request to bellwether trials, which is avoiding the risk of inconsistent adjudications. I'm sorry, I didn't ask for specific adjudications. Okay. Just to wrap up, the word adjudications have never appeared in the plaintiff's hearing. What else do you have besides these and one single word that supports your adjudication? Just point me to something else I can look at that supports the notion that this was your request for a joint trial, besides the waste of the word adjudication. Well, at least in the nature of your review, one, this is done in the context of 1048A, which makes the insolidation of the term, and it also was done on the grounds of the common issues, common questions, of the law before the fact, which is the exact same language. I'm asking you to point me to something else in the language of the plaintiff, because that's what we're looking to look at. You said supports your adjudication. Well, 1048, I mean, you looked to see if there were cases in California that said, under, if you move under 1048, the only thing you can get is controlled issues for trial. And it said, I don't bitch around with you to do something for support, but we couldn't find any cases that said that. Was it in 1048A? No, it was 1048A. But, like, all the cases you see in this Supreme Court case, all the cases that interpret it, all this means is controlled issue for trial. I mean, that was all that was at issue there. But there's no case that says when somebody made a proposal for something short of that,  It's either all or nothing. Take 1048 in total, or get out of here. There's no case that says that. So I don't think there's anything that you can read into their mere implication of 1048A when they try to limit it for trial purposes only. I don't think there's anything you can count from a case like that. So I think you can't do that. Well, I have a couple of thoughts. One, the cases in this context were just made as complex. They all relate to sort of the objectives themselves. And we don't really care who is acting, who was and is acting. You may need to read between the cases for all your own trial purposes. So there's no need to go there. It's just that this consolidation has been and is being continued to take place, and notably, even since the re-manding of the system. And there was coordination by Judge Selwin that has continued repeated efforts to get these cases consolidated throughout 1048A. Also, if you look, there's 1048A and 1048B. And 1048A speaks to consolidation of the trial. 1048B speaks to acceptance. And so if you look at a site case law that goes to Federal Procedure 42 and trying to get it analogized to 1048B, if you look carefully at that case law, what's important to say is, well, I don't know Federal Procedure 42, and I don't know that it's in any California case law that says it's interpreted to be a form of consolidation for purposes of a trial procedure. But the cases on the trajectory for trial, it's without prejudice to the objective parties who later see severance of those claims. The plaintiffs have not sought, have not invoked 1048B here and have not intended to sever the claims. Quite the opposite of what they've done here is opposed defendants' efforts to sever the claims. And so these cases, 11048A, would be on the trajectory for trial. And this is important. If you look at the Seventh Circuit case, excuse me, the Eighth Circuit case, that law would look at the Seventh Circuit case, Bullard and Ann Bullards. I'm sure I'm not hearing the blame because Ann Bullards, you had 140 other plaintiffs. And this was in one complaint. And the court said there was no solicitor's request for a trial for Ann Bullards and Ann Bullards. It's named other than filing of a secret complaint. And the court said that was enough. You can have the solicitor's request for a trial to be made with Ann Bullards. But it also noted that you didn't need to have a secret trial. And what it said is give two examples on which plaintiffs and the court has pointed to, which is 110 plaintiffs and the results of that trial, and defense of the other plaintiffs. But it also gave the examples of subpoenaing 940 plaintiffs or plaintiffs who took two trials, 72, which is nothing without preclusion. So in Bullard, the court has said you can have a joint trial under capital or a joint judgment under capital. There's several trials without preclusion. And in the case, in that one, the Eighth Circuit case, the court cites two that are outliers, and I think the court was in judgment, it was dissent. In the Robo case, which was a subpoena decision that was later forced into law, it was judgment, but not a majority opinion. And what Judge Bullard says in that case, and at what relies on the two cases, is that the natural and probable consequence of what was requested was cases, quote, triangularly coordinated in a way avoiding consistent results, as with all other trials, which amounts to the same thing. Importantly here, I think if you look at the instance of the hand of plaintiffs, we all agree, each one of them, in fact, agree that all of them, quote, the language of the court, they say, quote, no other trials, unless binding on other plaintiffs, are not joint trials under capital. Plaintiffs don't see preclusion against themselves. They see preclusion only one way, against the evidence. Say what? Where do you see that? And what do you think? What do you see? I think you see that most starkly in, well, in a couple of ways. First, most starkly in what they put in their development brief. They display, when given the opportunity, display any effort to seek preclusion. They display that only as it relates to the plaintiffs. And what the natural and probable consequence, which is what the case law talks about, which Judge Bullard mentioned, which an appellate object, or however the former cited favorably, to both suffocate certain cases in these briefs in the development of a way of sanctioning. The natural effect of these cases is that if you have them held by the trial, and even if there is no formal preclusion, even if you're in front of one judge, you should be clear that the trial process doesn't have any effect. The judge makes a ruling on an issue, but it's passed here specifically for a general causation of nature. And of course, aren't we turning from the proposal now to the consequences, speculating about what might happen if we do that exactly when we're not supposed to? And I'm trying to figure out how this also fits with the observation in Corker that simplicity is virtue when it comes to these decisions. And if we're going to be fly-specking for language somewhere where they use the term inconsistent adjudications, or we're going to search for where they said something about the effect of a bellwether trial, when does the time period run? For personal purposes, how are we ever going to determine that? Is there going to be some stray comment on a transcript somewhere that some plaintiff's counsel made? How do we even live with a rule like that? I agree that Corker did say simplicity is virtue, and I think it's negligible. I know the language provided by Kaplan to articulate what we urge here. And then, at one end of the spectrum, and we think we can fall under kind of this mass action provision, is that if you have any adjudication of any common issues of moral effect, here what we have is a request for these cases for trial. I understand they say bellwether trial, but is this a trial for joint adjudication to avoid inconsistent assessment? I mean, if they did say that, then you know something may have come out, but they are quite explicitly trying to bring themselves with the Kaplan exception to their assertion. Well, Your Honor, just because it's also for pre-trial proceedings or so, it doesn't eliminate the trial aspect of what they've requested. And, you know, there's a more focused emphasis. If there's an emphasis, if they seek a trial beyond that, that's still within Kaplan. If they walk in and say, we absolutely think we 100% want this for pre-trial proceedings and it's a trial, that's within Kaplan. So if you look at Korber, and going back, I'm going to go back for just a moment to the 1048 argument, that because they've asked via 1048, they're asking for a trial in some respects. I agree that the case law doesn't require that, and it doesn't appear to be. But even in Korber under 404, the court said, we don't know if you can have less than through trial for purposes of 404. It's not clear whether the California Judicial Council would grant coordination for less than all purposes. But if plaintiffs have qualified their coordination request by stating it was intended solely for pre-trial purposes, it would be difficult to suggest the plaintiff had proposed a joint trial. So whether 1048 may or may not require through trial only, just like 404, they said, might require coordination through trial, what we look at is the proposal, and Korber tells us if they limit it to pre-trial, it's going to be hard to find that they've asked for coordination for trial purposes. I just want to ask if I may respond. Yes, please. I think there are a couple questions that I didn't clear, and one which I think is, whether it's the proposal or the results, and I agree with your argument, it's the proposal, but would the proposal, and even Korber says it, but is it a legal offense that results, with likely results, in a joint adjudication, in a trial, if 1048 does, and I recognize the plaintiff in Korber,  they specifically occur and don't address that issue. It was debated negatively in Korber. And in here, I mean, there's a simple way, and I think again, if you look at the end of the plaintiff's account, where he fully say that they only hold my proposal against themselves, what happens? He says, Eds, I win. He tells you he loses his proposition. Eds, we win on an issue at a bellwether trial, and we will seek, on fencing, on control, an issue conclusion of collateral assault against the same defendant in the next trial. Tails, I lose on an issue as a plaintiff at a bellwether trial. It's gonna be a different plaintiff at the second trial, and you can't find that. I just think it's a good thing to have an issue that's not a plaintiff's issue. Thank you. I'm going to continue to serve as counsel for the plaintiff's case. Good afternoon, your honors. I'm not sure if you can hear me, or if I'm ringing it. It's not working. It doesn't work, it doesn't work. Let me address a couple issues first. David Eds, mayor of the court here, and I want to make one thing clear, is that there's two different aspects to this. There's the argument that the law was applied wrong, and then the argument that the judge can't apply the facts wrong. It can't be seen wrong in factual determination. And as defined in factual determination, I just want to make clear that the statute of review should be clear here. And then, your honors,  which is the interpretation they're trying to put on these statutes flies in the face of the plain language of the statutes. The Mass Action Provision expressly exempts consolidation requests for a joint trial. The California Consolidation Provision allows for, expressly in the language, something other than just for trial. It allows for joint hearings of any or all matters at issue in the action. So, if you just look at the plain language of these statutes, it's clear that Pledis did not request a joint trial. And then, if you talk about Corker and Briggs, like your honors said, it's very clear that if you state the language that they used, the qualifying language, that you did not, you intended this consolidation only for pretrial purposes. You're not, you don't fall within the joint trial provision. That's exactly what we tried to do here. We don't know any other way we could have tried to do this other than to not introduce a joint trial. Well, I mean, it, in the, this was done by the local SMQ firm and they were very clear at the district court that throughout their brief they did everything possible to make clear what they were asking, that we want a consolidation just for pretrial purposes and then a couple of bellwethers. And they frame the purpose that necessary for the consolidation as a joint trial. At that point, there was not a related order by that judgment leading these cases together when that consolidation was wanted. And I don't think we declared to anybody that that was in fact going to happen. All of these cases go in Alameda County to Department 30 to be determined whether they're complex or non-complex. Once he makes the determination of complex, they may then be assigned to a different court or accounted by Department 30. But, you know, whether or not they're deemed related or not, it seems to be in others that you need a consolidation order. So, you know, there's multiple plaintiffs filing multiple different sets of discovery. You know, the same witnesses being deposed, corporate witnesses being deposed in 20 different cases. You know, it was a simple way to try to preserve the cost and time in this case, and that's usually what we did. You know, we're not talking about a trial because we're talking about witnesses, we're talking about three different discovery witnesses, just doing the deposition once. We were talking about we were going to take a witness at trial one time and that witness would never show up again. Clearly, that's not what we were talking about. And then, you know, I think, and Judge Chen got this right, that we did what we could to bring it within the papers. We just did expressly, here's our intent, we want this just for procedural purposes, and develop a process, and, you know, look, they put some inadvertent sloppy drafting. They freely admitted it in one footnote in the brief, but if you look at this in the context of the entire brief, it's clear what the plaintiffs were requesting. They just wanted a pre-trial purpose, a consolidation for the pre-trial purposes. As a suggestion by defendants that we requested or ever suggested that we wanted to issue a conclusion through the bellwether process or any other process that's not supported by the facts or the brief. There's nothing in our brief that said that we wanted this bellwether process so we could have general liability factual issues determined in one of these briefs.  that's the idea of what's going to happen in future trials, what may a jury do, what may a judge do, but it's not binding on any of those trials that go after them. And your honors, do you have any specific questions for me that I can get into? Thank you very much. I'm going to turn it over to my brother who's in the back. Thank you, Chief Bonford. Briefly, just on the standard review, I think as far as the D'Agostino here, former Alain D'Agostino in similar circumstances, his situation, I think what the NLE's in him here demonstrates exactly why the purpose of their consolidation motion, they have not articulated one reason why they needed to seek consolidation at what they requested of Judge Solomon in the complex case form. They had requested at the time a formal complex case anticipation for each case in relation to each case for Judge Solomon. Since remand is noted in our briefs, they continue to seek the same consolidation and the same bellwether journals under M48 despite the fact that all the things that both counsel just mentioned, common discovery and those sorts of things are being arranged by the district court. But it's not a foregone conclusion that a judge will do that when cases are related. If you request consolidation and then you have a discovery issue, a particular witness that you think needs to appear, and it's essentially common for all of the cases you want to file with   court, it's not a foregone motion. If the judge doesn't necessarily treat related cases that way, you may not get that. You may end up filing numerous motions and different kinds of pretrial proceedings. It doesn't just make that more formal. If the judge looks at the case and says no, then you know how you're supposed to proceed and you can't have those deficiencies. Well, yes, in theory you're right, Your Honor. The court doesn't have to do it, but what actually has happened and transpired in this case is the court is doing that. It's issued case management orders, and they go from requiring this one juror as being the lead juror for all the cases, for instance. And so I still see consolidation despite that, despite that actually occurring in this case. It's not just the two forms, it's the trial that takes that. And so that's the case that we're dealing with at the time. So I think it's irrelevant what's happened since those hours. Thank you. Your Honor, she clarifies the intent, the same intent they had at the same time when they saw to have all these jurors   juror at the time. Thank you.
judges: Fernandez, Watford, Staton